NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CLYDESDALE STEEL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEST TUNNELING & BORING, LLC,<br><br>Defendant. | No. 25-16685 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by filed by Plaintiff Clydesdale Steel, LLC ("Plaintiff") against Defendant Best Tunneling & Boring, LLC ("Defendant"), (ECF No. 7, "Motion".) The Court has considered Plaintiff's Motion and accompanying submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **DENIED** without prejudice.

## I.      BACKGROUND

Plaintiff filed this action on October 16, 2025 seeking to collect unpaid invoices from Defendants, including continuing interest, in connection with steel materials Plaintiff provided to Defendant for use in various construction projects. (ECF No. 1 ¶¶ 6–8.) According to Plaintiff, Defendant has failed to satisfy an outstanding balance of $99,774.29, an amount that accrued over four invoices that were wholly or partially unpaid between September 2024 and April 2025. (*Id.* ¶¶ 11–12.) Plaintiff alleges that all invoices contained a "Net 30 term" which required payment in full within thirty days. (*Id.* at ¶¶ 10, 13.) As of January 28, 2026, the date of the filing of instant

Motion, Plaintiff alleges that Defendant owes a total of $108,849.96 in unpaid balances, interest, and costs incurred by Plaintiff in initiating this action. (*See* Motion at 3–5.)

On December 11, 2025, Plaintiff filed a Certificate of Service certifying its attempts to serve Defendant. (*See* ECF No. 5.) According to counsel's certification, after the filing of the Complaint, Plaintiff attempted to personally serve two of Defendant's members, Chastity Missen and Neville Missen, (the "members"), via a process server. (ECF No. 5 ¶ 2.) Despite three attempts to serve the members, the process server was unsuccessful. (*Id.*) Plaintiff thereafter mailed a copy of the Complaint and Summons "via regular mail, return receipt requested, and delivery restricted to the addressee" to both members at the same South Carolina address, 160 Staton Drive (160 State Rd S-42-4359), Roebuck, SC 29376. (*Id.* ¶¶ 5, 7; ECF Nos. 5-1, 5-2.) According to the United States Postal Service's ("USPS") tracking results, the packet was delivered to both members on November 21, 2025, and at the same time, 12:22 p.m. (ECF No. 5 ¶¶ 10–11.) The members only partially filled out their respective Domestic Return receipts, leaving every box blank but for the signature line.[1] (*Id.* ¶¶14, ECF Nos. 5-5, 5-6.)

To date, Defendant has not filed an answer and has not otherwise appeared in this action to date. On January 16, 2026, Plaintiff requested an entry of default as to Defendant pursuant to Federal Rule of Civil Procedure 55(a), which was entered by the Clerk of the Court on the same

---

[1] Contrary to what is stated in counsel's Certificate of Service, the members not only declined to fill in the date of delivery on their domestic return receipts, but also the box indicating whether they were signing as an "agent" or "addressee," failed to print their names, and failed to indicate whether the delivery address differed from that which was stated on the form. (*See* ECF Nos. 5-5, 5-6.)

2

day. (*See* ECF No. 6; Docket Entry Dated Jan. 16, 2026.) Thereafter, Plaintiff filed the instant Motion for Default Judgment. (ECF No. 7.)

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 55 permits a party to apply for and the court to enter default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . .'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of claims on the merits, '[the Third Circuit] does not favor entry of defaults and default judgments.'" *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Before entering a default judgment pursuant to Rule 55(b), a court performs a thorough analysis of a plaintiff's claims and entitlement to relief. First, the defendant must have been properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). Indeed, a court may only enter default judgment against a defendant who has been properly served with process. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist*, 756 F.2d at 19.) The plaintiff "bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). The plaintiff can meet this burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019).

### III.    DISCUSSION

The dispositive issue here is whether service was proper. A partnership or other unincorporated association such as a limited liability company ("LLC") may be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual;" or "(B) by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A), (B); *see also Golf Bros., LLC v. Saker*, No. 09-2133, 2009 WL 1622787, at *1 (D.N.J. June 10, 2009) ("Limited liability companies are . . . unincorporated associations . . . ." (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–97 (1990)). Pursuant to Rule 4(e)(1), an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Plaintiff claims that it served Defendant pursuant to Rule 4(e)(1) and South Carolina law. (*See* ECF No. 5 at 2.) Under South Carolina law, an unincorporated association may be served "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." S.C. R. Civ. P. 4(d)(3). Service may be made according to Rule 4(d)(3) "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C. R. Civ. P. 4(d)(8).

South Carolina's Uniform Limited Liability Company Act of 1996 further expounds upon the requirements to effectuate proper service upon an LLC. First, "[a]n agent for service of process appointed by a limited liability company . . . is an agent of the company for service of any process,

4

notice, or demand required or permitted by law to be served upon the company." S.C. Code Ann. § 33-44-111(a). If an LLC "fails to appoint or maintain an agent for service of process . . . or the agent for service of process cannot with reasonable diligence be located at the agent's address, the Secretary of State is an agent of the company upon whom process, notice, or demand may be served." *Id.* § 33-44-111(b); *see also Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 687 S.E.2d 29, 34 (S.C. 2009) ("[I]f an agent for a limited liability company cannot be found after the exercise of reasonable diligence, service may be had upon the Secretary of State." (citing S.C. Code Ann. § 33-44-111)).

In South Carolina, "it is well established in this state that service of process on a member of an unincorporated association is insufficient to give jurisdiction over such association." *Edgar v. S. Ry. Co.*, 49 S.E.2d 841, 843 (S.C. 1948). Instead, "[s]ervice of process must be made on an agent of the association." *Id.* (citing *Medlin v. Ebenezer Methodist Church*, 129 S.E. 830 (S.C. 1925)). "Actual appointment for the specific purpose of receiving process normally is expected and the mere fact a person may be considered to act as defendant's agent for some purpose does not necessarily mean that the person has authority to receive process." *Moore v. Simpson*, 473 S.E.2d 64, 67 (S.C. Ct. App. 1996). Further, "there must be evidence the defendant intended to confer such authority." *Id.* (citing *Hamilton v. Davis*, 389 S.E.2d 297 (S.C. Ct. App. 1990)).

Plaintiff has not met its burden to show that it complied with the requirements for serving an LLC pursuant to South Carolina's Rules of Civil Procedure and South Carolina's Uniform Limited Liability Company Act. South Carolina Rule 4(d)(3) makes clear that service upon an LLC is accomplished "by delivering a copy of the summons and complaint to *an officer, a managing or general agent, or to any other agent authorized by appointment or by law* to receive service of process." S.C. R. Civ. P. 4(d)(3) (emphasis added). The requirement that service must

be made on an agent expressly authorized to accept service is further codified in South Carolina's Uniform Limited Liability Company Act. *See* S.C. Code Ann. § 33-44-111(a); *see also Moore*, 473 S.E.2d at 67. In any event, Plaintiff's attempts to serve Defendant's members is insufficient to effectuate proper service here. *See Edgar*, 49 S.E.2d at 843.

Neither Plaintiff's Motion nor Certificate of Service outline any efforts taken to serve or locate Defendant's registered agent. (*See generally* ECF Nos. 5, 7.) The Court notes that a registered agent and an address for Defendant are easily located on the South Carolina Secretary of State's website. *See Bus. Entities Online, S.C. Sec'y of State*, https://businessfilings.sc.gov/BusinessFiling/Entity/Search (last visited Feb. 25, 2026). Notwithstanding the availability of this information, if Plaintiff could not locate Defendant's registered agent, South Carolina's Uniform Limited Liability Company Act provides that service may be effectuated upon the South Carolina Secretary of State. S.C. Code Ann. § 33-44-111(b) (denoting the Secretary of State as an agent of the company "upon whom process, notice, or demand may be served."); *see also Hooper*, 687 at 34 ("[I]f an agent for a limited liability company cannot be found after the exercise of reasonable diligence, service may be had upon the Secretary of State."). Plaintiff has not indicated any attempts to serve the South Carolina Secretary of State.

In applying the Federal and South Carolina rules related to service of process, the Court is mindful both that entries of default are disfavored and that it is the Plaintiff's burden to show proper service by a preponderance of the evidence. The Court finds that Plaintiff has failed to meet its burden by solely attempting to serve Defendant's members, rather than its registered agent. Accordingly, Plaintiff's Motion for Default Judgment is **DENIED**.

Therefore, **IT IS** on this 27th day of February, 2026,

**ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 7), is **DENIED** without prejudice; and it is further

**ORDERED** that within forty-five (45) days Plaintiff may either (i) re-file its Motion with proper proof of service, or (ii) re-serve Defendant in accordance with the Federal Rules of Civil Procedure and, as relevant, the South Carolina Rules of Civil Procedure and applicable South Carolina statutory provisions; and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the Motion pending at ECF No. 7.

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: February 27th, 2026

7