**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLYDESDALE STEEL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEST TUNNELING & BORING, LLC,<br><br>Defendant. | Civil Action No. 25-16685 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by Plaintiff Clydesdale Steel, LLC ("Plaintiff") against Defendant Best Tunneling & Boring, LLC ("Defendant"). ("Motion," ECF No. 13.) The Court has considered Plaintiff's Motion and accompanying submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **DENIED** without prejudice.

## I. BACKGROUND

On October 16, 2025, Plaintiff filed this action seeking to collect unpaid invoices from Defendant, including continuing interest, in connection with steel materials Plaintiff provided to Defendant for use in various construction projects in Texas and Colorado. (ECF No. 1 ¶¶ 6–8.) Plaintiff brings five claims against Defendant: breach of contract (Count One); a claim for account stated (Count Two); quantum meruit (in the alternative) (Count Three); violation of Colorado's Prompt Payment Act (Count Four); and a violation of Texas's Prompt Payment Act (Count Five). (*Id.* ¶¶ 20–53.) Defendant has not filed an answer or otherwise appeared in this action.

Plaintiff alleges that it "properly performed all material obligations it owed to [Defendant] under the invoices issued . . . on the subject construction projects," but maintains that Defendant has failed to satisfy an outstanding balance of $99,774.29, an amount that accrued over four invoices that were wholly or partially unpaid between September 2024 and April 2025. (*Id.* ¶¶ 7, 11–12.)[1] Plaintiff further alleges that this balance remains outstanding despite Defendant's oral promises to pay and avers that it made "several efforts" to obtain payment that have been "unsuccessful." (*Id.* ¶ 15–16.) Plaintiff does not provide further detail into such attempts or communications. (*See id.* ¶ 16.)

The instant Motion is Plaintiff's third attempt to seek entry of a Default Judgment against Defendant. (*See generally* ECF Nos. 7, 9, 13.) Plaintiff's previous Motions for Default were denied without prejudice for failing to properly serve Defendant. (*See* ECF Nos. 8, 10.)[2] On April 10, 2026, Plaintiff re-served Defendant. (ECF No. 11.) On May 6, 2026, Plaintiff requested an entry of default against Defendant pursuant to Rule 55(a), which was entered by the Clerk of the Court the following day. (*See* ECF No. 12; Docket Entry Dated May 7, 2026.) Plaintiff filed the instant

---

[1] Plaintiff alleges that all invoices contained a "Net 30 term" which required payment in full within thirty days. (*See* ECF No. 1 at ¶¶ 10, 13.)

[2] Defendant is a Limited Liability Company incorporated in, and with its principal place of business in, South Carolina. (ECF No. 1 ¶ 2.) In Plaintiff's first motion for default judgment, Plaintiff claimed that it served Defendant pursuant to Rule 4(e)(1) and South Carolina law. (*See* ECF No. 8 at 4 (citing ECF No. 5 at 2).) For the reasons expressed in the Court's February 27, 2026 Opinion, the Court found that Plaintiff failed to meet its burden to show that it complied with the applicable requirements for serving an LLC pursuant to South Carolina's Rules of Civil Procedure and South Carolina's Uniform Limited Liability Company Act. (*See generally id.*) On March 13, 2026, Plaintiff filed its second motion for default judgment. (*See* ECF No. 9.) On April 8, 2026, the Court denied Plaintiff's motion, finding that Plaintiff did not cure the deficiencies regarding service as detailed in its prior Order. (*See* ECF No. 10.) Because the Court dismisses Plaintiff's Motion on personal jurisdiction grounds, it does not reach a decision on whether service was proper here.

Motion on June 9, 2026, seeking a default judgment against Defendant in the amount of $54,503.91.[3] (ECF No. 13.)

## II. DISCUSSION

Rule 55 permits a party to apply for and the court to enter default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . .'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of claims on the merits, '[the Third Circuit] does not favor entry of defaults and default judgments.'" *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). "Moreover, 'as a threshold matter, the court must first satisfy itself that it has personal jurisdiction over the party against whom default judgment is requested.'" *Mahco, Inc. v. Sovereign Logistics Ltd.*, No. 19-14742, 2020 WL 3249096, at *2 (D.N.J. June 16, 2020) (quoting *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006)).

Under the United States Constitution, there are two ways to establish personal jurisdiction: general and specific. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "When a court considers personal jurisdiction in the posture of a default judgment,

---

[3] At the time of the filing of the Complaint, Plaintiff alleged damages in the amount of $99,774.29. (ECF No. 1 ¶ 19.) Due to the passage of time and accrual of interest, Plaintiff's second Motion for a Default Judgment sought $108,849.96 in damages, reflective of Plaintiff's damages for the unpaid invoices (plus interest) and filing fees. (*See* ECF No. 9-1 ¶ 17.) The instant Motion seeks a judgment in the amount of $54,098.91, reflective of Plaintiff's damages for the unpaid invoices (plus interest), filing fees, and reduced by $57,000 (an amount Plaintiff states was paid by a third party on March 20, 2026). (ECF No. 13-1 ¶¶ 12–14.)

'although the plaintiff[] retain[s] the burden of proving personal jurisdiction, they can satisfy that burden with a prima facie showing,' and 'may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain.'" *D'Onofrio*, 430 F. Supp. 2d at 438 (quoting *Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)).

For general jurisdiction, a plaintiff may show the defendant's "continuous and systematic" contacts with the forum state such that the Court can exercise general jurisdiction over the plaintiff. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). Alternatively, the plaintiff may allege that a defendant has sufficient minimum contacts with a state to create specific jurisdiction, accomplished by "'establish[ing] with reasonable particularity' three elements."[4] *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). First, the defendant must have "'purposefully directed [its] activities' at the forum." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (alteration in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claims must "arise out of or relate to" the defendant's contacts with the forum. *Id.* (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Third, the exercise of personal jurisdiction must "otherwise 'comport[] with fair play and substantial justice'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 476).

To evaluate specific jurisdiction based on a contract, courts must look to "the totality of the circumstances, including the location and character of the contract negotiations, the terms of

[4] Furthermore, in order to exercise "long-arm" jurisdiction over a defendant, the Court must first "apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution. In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

the contract, and the parties' actual course of dealing." *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001) (citing *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). This inquiry should include consideration of whether the defendant itself solicited the contract, whether the defendant sent any payments to plaintiff in the forum state, or whether the defendant engaged in post-sale contracts with plaintiff in the forum state. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co*, 75 F.3d 147, 152–53 (3d Cir. 1996). "It is well-settled law that merely entering into a contract with a forum resident does not subject a nonresident to personal jurisdiction." *Sovereign Consulting Inc. v. Cover Techs. Inc.*, No. 21-35, 2021 WL 2802219, at *4 (D.N.J. July 6, 2021) (citing *Mellon Bank*, 960 F.2d at 1223).

Here, the Court is not satisfied that it has personal jurisdiction over Defendant. Plaintiff's Complaint is thinly pleaded and largely focuses on Defendant's alleged failure to pay outstanding invoices. (*See generally* ECF No. 1.) Noticeably absent from the Complaint are sufficient facts demonstrating that Defendant—an LLC incorporated in South Carolina—directed contract-related conduct towards New Jersey, the forum state. (*See generally* ECF No. 1.) Although Plaintiff alleges that it "properly performed all material obligations it owed to [Defendant]," and that Defendant "breached its contractual agreement with [Plaintiff]," there is no contract attached to the Complaint, and Plaintiff fails to allege any facts regarding the formation of such contract, any negotiations that may have taken place, or any other facts that would permit the Court to examine "the totality of the circumstances" to ascertain whether it possesses personal jurisdiction over Defendant.[5] *Remick*, 238 F.3d at 256. In the absence of such crucial facts, what remains is a vague

[5] This deficiency is not limited to Plaintiff's breach of contract claim. While courts typically assess specific jurisdiction on a claim-by-claim basis, "it may not be necessary to do so for certain factually overlapping claims." *Remick*, 238 F.3d at 255–56. A review of the Complaint in this matter confirms that Plaintiff's claims arise from the same set of facts, and thus, this Court is without sufficient allegations to determine whether personal jurisdiction over Defendant exists.

allegation that a contractual agreement existed between the parties, which is insufficient to confer personal jurisdiction over Defendant. *Sovereign Consulting Inc*, 2021 WL 2802219, at *4 ("[M]erely entering into a contract with a forum resident does not subject a nonresident to personal jurisdiction.").

Plaintiff's Motion is likewise deficient for failing to include a supportive brief addressing, *inter alia*, (1) the Court's subject matter jurisdiction over the dispute and personal jurisdiction over Defendant, *Wilmington Sav Fund Soc'y, FSB v. Left Field Props., LLC*, No. 10-4061, 2011 WL 2470672, at *1–2 (D.N.J. June 20, 2011), (2) the sufficiency of the Complaint, *Chanel, Inc.*, 558 F. Supp. 2d at 536, or (3) an award in light of various default judgment factors, *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *7 (D.N.J. Apr. 20, 2021). Nor has Plaintiff alternatively provided a statement that no brief is necessary and the reasons therefor. *See* L. Civ. R. 7.1(d)(1), (d)(4)). While the invoices attached to Plaintiff's Motion appear to provide proof of damages—another finding this Court must make prior to issuing a default judgment—a cursory review of any number of this Court's prior opinions in other matters involving default judgment applications, readily available to the public on Westlaw, Bloomberg, and Lexis, set forth, in detail, the litany of findings necessitated before issuing a default judgment under Rule 55(b). *See, e.g.*, *United States v. Mamone*, No. 21-20339, 2024 WL 2260934 (D.N.J. May 17, 2024).

Accordingly, given Plaintiffs' failure to adequately plead facts sufficient to demonstrate personal jurisdiction over Defendant, among other patent deficiencies, the instant Motion for Default Judgment is **DENIED** without prejudice.

Therefore, **IT IS** on this 6th day of August, 2026,

**ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 13), is **DENIED** without prejudice;

**ORDERED** that, if Plaintiff again moves for default judgment, Plaintiff shall file a supportive brief explaining Plaintiff's entitlement to default judgment and either file an affidavit addressing this Court's personal jurisdiction over Defendant or amend the complaint to make the basis for such jurisdiction clear;

**ORDERED** that Plaintiff shall have thirty (30) days to, if desired, file such an amended complaint; and;

**ORDERED** that the Clerk of the Court **TERMINATE** the Motion pending at ECF No. 13.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2026